FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 29 PM 4: 05

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE ESTATE OF JOSEPH M. COSTELLO, III BY ASHTON HARDY AS EXECUTOR | ) ) ) | DOCKET NO. 00-349- |
| | ) | |
| Plaintiff, | ) | DIVISION / SECTION: J-4 |
| | ) | |
| vs. | ) | JUDGE: BARBIER |
| | ) | |
| RELIANCE INSURANCE COMPANY, | ) | MAGISTRATE: ROBY |
| | ) | |
| Defendant. | ) | |

---

### DEFENDANT'S MAY CALL WITNESS LIST AND EXHIBIT LIST

NOW COMES Defendant, Reliance Insurance Company (Reliance), pursuant to this Honorable Court's Minute Entry dated September 7, 2000 and entered of record on September 15, 2000, who does hereby designate the following:

**I.    WITNESS LIST**

The following individuals may be called as witnesses for trial of this matter:

1.    Robert W. Austin
      National General Adjuster
      Reliance Insurance Company
      3608-B Oleander Drive, Suite 250
      Wilmington, North Carolina 28403
      910-763-6588


_____Fee_____
_____Proceçs_____
_X__Dktd_____
_____CtRmDep_____
Doc.No. 8

Mr. Austin may be called to testify as to factual issues regarding conversations, correspondence and the like between Reliance and the various retained experts. In addition, Mr. Austin may be called to testify as to conversations, letters and the like between Reliance and the insured. Further, Mr. Austin may be called to testify as to Reliance's decisions concerning coverage, exclusions, denials, damages, and payments under the contract of insurance.

2.    Ashton R. Hardy, Esq.
      Executor of the estate of Joseph M. Costello, d/b/a WRNO Radio Station
      110 Veterans Memorial Boulevard, Suite 300
      Metairie, Louisiana 70005

Mr. Hardy may be called to testify as to factual issues concerning the notification of Plaintiff's claim. Further, Mr. Hardy may be called to testify as to conversations, correspondence, and the like between WRNO and Reliance. Also, Mr. Hardy may be called as to conversations, correspondence and the like between WRNO and any experts hired on Plaintiff's behalf.

3.    Matthew A. Sanderford Jr.
      Professional Engineer
      Marsand, Inc.
      400 Paintpony Trail North
      Ft. Worth, Texas 76108
      817-246-8384

Mr. Sanderford may be called to testify as an expert retained by Reliance in causation and damages to the WRNO short wave transmitter site. He inspected the transmitter site on or about January 25, 1999 and may testify as to his findings and report that he generated thereto.

4.    Michael Wald
      Professional Engineer
      MSN Electrical Engineering
      George Washington University
      2121 Eye Street N.W.
      Washington, D.C. 20052
      202-999-1000

Mr. Wald may be called to testify as to his inspection of the transmitter site on or about January 25, 1999 and his findings and report generated thereto. Mr. Wald may be called to testify as to causation issues, damages, and design issues.

5.    J. Fred Riley, J.D.
      Manager, High Powered Broadcast
      Continental Electronics Corp.
      P.O. Box 270879

Dallas, Texas 75227-0879
214-381-7161

Mr. Riley may be called to testify as to his retainment by WRNO. Mr. Riley may testify as to his personal knowledge of the facts of damage to the transmitter site. In addition, he may be called to testify as to his testimony given in an Examination Under Oath. Further, Mr. Riley may be called to testify as to his written findings transmitted to WRNO.

6.      Mervin A. Stringer
        Chief Fire Specialist
        M. A. Stringer and Associates, Inc.
        2805 Division Street, Suite 101
        Metairie, Louisiana 70002
        504-454-0466

Mr. Stringer may be called to testify as to his retainment as an expert by Reliance. Mr. Stringer may testify as to causation of damages at the transmitter site. Further, he may be called to testify as to reports generated by himself and Ted K. Kaplon, P.E.

7.      Ted K. Kaplon
        Professional Engineer
        Consulting Engineer II
        M.A. Stringer and Associates, Inc.
        2805 Division Street, Suite 101
        Metairie, Louisiana 70002
        504-454-0466

Mr. Kaplon may be called to testify as to his retainment by Reliance as an expert and his findings as to causation and damages at the transmitter site. In addition, he may be called to testify as to reports generated by himself and/or Mervin A. Stringer.

8.      John L Warner
        Project Manager
        Restoration Technologies Inc.
        3695 Prairie Lake Court
        Aurora, Illinois 60504
        630-851-1551

Mr. Warner was retained by Reliance to conduct an on-site inspection for the purposes of evaluating contamination to equipment and remedial action thereto. He may be called to testify as to same. In addition, Mr. Warner may be called to testify as to reports that he generated as a result of his inspection, as well as his forwarding and submission of samples for laboratory analysis.

9.    Irving I. Domsky, PhD
      Laboratory Director
      Allied Laboratories Corp.
      716 North Iowa Avenue
      Villa Park, Illinois 60181
      630-279-0390

Dr. Domsky and/or his designated representative may be called to testify as to laboratory analysis of wipe samples taken at the transmitter site. Dr. Domsky may testify as to the interpretation of the results of said laboratory reports.

10.   Ronald Baker
      President and CEO
      CCA Electronics
      152 Lakeside Drive
      Peachtree City, Georgia 30269

Mr. Baker may be called to testify as to CCA's manufacturing and delivery of the customized transmitter at the WRNO transmitter site. In addition, he may be called to testify as to his prior testimony given in an Examination Under Oath. Mr. Baker may be called to testify as to manufacturing and selling of equipment which is subject of the loss. He had been retained by WRNO to inspect and assess the damages to the transmitter site and may be called to testify in connection thereto.

11.   Laurence H. Thom
      105 Stewart Avenue
      River Ridge, Louisiana

Mr. Thom is a contract engineer hired on behalf of WRNO Worldwide. He may be called to testify as to his knowledge involving maintenance, damages, repairs and replacement costs to the transmitter site. In addition, Mr. Thom may be called to testify as to prior testimony given in his Examination Under Oath.

## II.    EXHIBIT LIST

Defendant may present the following exhibits for evidence at trial of this matter:

1.    Letter dated January 18, 1999 authored by Ashton R. Hardy to Reliance Insurance Company. This letter has already been filed with the Court attached to Defendant's Memorandum in Support of its Motion for Partial Summary Judgment as Exhibit A.

2.    Report generated by Matthew A. Sanderford Jr., P.E. of Marsand, Inc. regarding his site inspection on January 25, 1999. Said report had been provided to Plaintiff prior

to the Examination Under Oath conducted on April 8, 1999, as well as attached as Exhibit B to Defendant's Memorandum in Support of its Motion for Partial Summary Judgment filed with the Court.

3.    Report generated by Michael Wald, M.S. in electrical engineering, produced as a result of his January 25, 1999 site visit to the WRNO transmitter site. Said report entitled "Preliminary Investigation Report" has been previously filed with the Court as Exhibit C to Defendant's above-referenced memorandum.

4.    Letter dated February 26, 1999 authored by Robert Austin to Ashton R. Hardy. Said letter has been filed with the Court as Defendant's Exhibit D in the above-referenced memorandum.

5.    A copy of the contract of insurance at issue in this litigation along with the common policy declarations. Said copy of the policy and declarations has been previously filed with the Court as Defendant's Exhibit E to the memorandum referenced herein above.

6.    Letter dated February 19, 1999 authored by J. F. Riley, J.D., Manager Continental Electronics Corporation to Ashton Hardy. Said letter has been previously filed with the Court as Defendant's Exhibit G to above-referenced memorandum.

7.    Report generated by J. F. Riley regarding his January 1, 1999 site visit to the WRNO transmitter site. Said report is entitled "Trip Report Memorandum" which has been filed has been filed with the Court as Defendant's Exhibit F to its memorandum referenced of law referenced above.

8.    Report generated by Mervin A. Stringer, Chief Fire Specialist, and Ted K. Kaplon, consulting engineer, of M.A. Stringer & Associates, Inc. dated June 17, 1999. Said report has previously been filed with the Court as Defendant's Exhibit I to the memorandum of law herein.

9.    Report, with cover letter dated June 17, 1999, generated by John L. Warner, Project Manager, Restoration Technologies, Inc. Said report contains the laboratory of Allied Laboratories, Corp. to which samples were sent for analysis. Said report and cover letter have been previously filed with the Court Defendant's Exhibit J to the memorandum of law referenced above.

10.    Letter dated June 25, 1999 authored by Robert Austin to the insured advising them that their claim was being disputed. Said letter has been previously filed with the Court as Defendant's Exhibit K to its memorandum of law referenced herein.

11.    Report generated by John L. Warner, RTI, setting forth the cost for remedial action

at the transmitter site. Said report has not been previously filed with the Court.

12.    A complete copy of the Examinations Under Oath taken on April 8, 1999 of Laurence H. Thom, Ronald A. Baker, and J. Fred Riley. Said Examinations Under Oath are for impeachment purposes only. Defendant has filed excerpts from these Examinations Under Oath with the Court previously with its memorandum of law in support of motion for partial summary judgment and marked as Defendant's Exhibit H therein.

13.    All pleadings filed in the Court's record to date.

Respectfully submitted,

NIELSEN LAW FIRM

_____
Gerald J. Nielsen, T.A. La.S.B. #17078
William R. DeJean, La.S.B. #22762
John D. Carter, La.S.B. #24334
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
Telephone: (504) 837-2500
Counsel for Defendant, Reliance Insurance Company

## CERTIFICATE OF SERVICE

I certify to mailing a true and correct copy of the foregoing to all counsel of record by depositing a copy of the same in the U.S. Mail this _29th_ day of January, 2001, postage prepaid and addressed to all counsel of record.

_____

-6-