FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 20 PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF JOSEPH M. COSTELLO, III<br>BY ASHTON HARDY, AS EXECUTOR<br>    Plaintiff,<br><br>vs.<br><br>RELIANCE INSURANCE COMPANY,<br>    Defendant | DOCKET NO. 00-349<br><br>DIVISION/SECTION: "J"(4)<br><br>JUDGE: BARBIER<br><br>MAGISTRATE: ROBY |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

The plaintiff, the Estate of Joseph Costello III, by Ashton Hardy as Executor (hereinafter "Estate"), respectfully submits this Memorandum in Opposition to the Motion for Partial Summary Judgment by the defendant Reliance Insurance Company (hereinafter "Reliance"). In its Motion, Reliance asks this court to summarily dismiss all of the plaintiff's claims arising from Reliance's refusal to pay the insured's claim for coverage, where such refusal was arbitrary, capricious, without probable cause, or the product of bad faith. Reliance asks this court to rule on these claims as a matter of law, before the presentation of any evidence in this case, thereby preventing the Estate from

submitting this question to the trier of fact. The issue truly presented for decision is obscured by Reliance's attempt to argue its entire defense well beyond the narrow issue presented by its Motion for *Partial* Summary Judgment. Because resolution of the Louisiana state law claim is dependent upon subjective knowledge, intent and motive of defendant's decision makers, it is wholly inappropriate for disposition by summary judgment. Perhaps aware of this inappropriateness, the "Affidavit" submitted by Reliance is nothing more than an attempt to certify that the attached documents are correct copies from its records. There is no certification that the documents are <u>all</u> of its file or <u>all</u> of the documents relied upon by its decision makers, which would at least address the issue presented. For the reasons outlined below, the question of whether Reliance acted in bad faith should not be decided on summary judgment, but rather should be submitted to the trier of fact.

## ARGUMENT

It is undisputed that on December 21, 1998, the plaintiff's radio transmitting equipment sustained extensive damage. Although Reliance disputes some aspects of the technical nature of the damage, it is clear that the equipment was damaged as the result of exposure to a high degree of heat, in which considerable amount of smoke and soot were produced, charring many electrical components and rendering the equipment inoperable. At the time of the incident, an insurance policy issued by Reliance (hereinafter "Policy") was in effect covering loss of this equipment. The relevant provisions of the Policy state that the equipment was insured against loss due to fire. Reliance contends that the damage to the equipment was not the result of fire, but rather due to an electrical arc that produced smoke and soot, but without open flame. The Estate submits, however, that the distinction between an electrical arc as initial failure and subsequent fire is immaterial since the

equipment was damaged by fire, even if the original cause of the fire was some sort of electrical overload. Only the *damages* attributable to the fire are in dispute.

The question presented to the Court in this Motion for Partial Summary Judgment is not whether Reliance is liable to the Estate for payment under the terms of the Policy. Furthermore, this Court is not called upon to decide whether Reliance acted arbitrarily, capriciously, or in bad faith when it refused to pay the Estate's claim for coverage under the Policy. The only issue before the court is whether the Estate's allegation that Reliance acted in bad faith presents a genuine dispute that should be submitted to the trier of fact.

It is well-settled that a motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the responsibility of demonstrating the basis for its motion, and identifying those portions of the record which show the absence of a genuine issue of material fact. *See Stults v. Conoco*, 76 F.3d 651, 656 (5th Cir. 1996); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment should only be granted where the moving party can demonstrate that the record as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Ind. Co. v. Zenith Radio Corp.* 475 U.S. 574, 588 (1986). Accordingly, for purposes of this Motion for Partial Summary Judgment, the Estate is not required to show that it will necessarily prevail on the issue of whether Reliance acted in bad faith, but merely that there is a genuine dispute on that issue.

The determination of whether an insurer's handling of a claim is arbitrary, capricious or the product of bad faith is a question of fact.[1] *See Marcel v. Allstate Ins. Co.*, 536 So. 2d 632 (La. Ct. App. 1st Cir. 1988). "Whether a refusal to pay a claim is arbitrary, capricious, or without probable cause depends upon the facts known to the insurer at the time of its refusal to pay the claim." *Myers v. Broussard*, 696 So. 2d 88 (La. App. 3d Cir. 1997). Therefore, in the present case, the question of whether Reliance acted in good faith in refusing to pay the Estate's claim depends upon the extent of the *subjective knowledge* of persons acting on behalf of Reliance regarding the facts and circumstances of the damage to the equipment, as well as the *intent of the individual decision-makers* at Reliance who refused to pay the claim and their *motive* for doing so.

It is well-settled in Louisiana that "summary judgment is rarely ever appropriate when there are questions relating to subjective facts such as intent, knowledge, motive, malice or good faith." *Coco v. State Farm Mutual Automobile Ins. Co.*, 2000 La. App. LEXIS 3322, at *10 (La. App. 3d Cir. 2000); *Greer v. Dresser Indus., Inc.*, 715 So. 2d 1235, 1237 (La. App. 3d Cir. 1998); *Nelson v. Torian*, 676 So. 2d 773, 776 (La. App. 3d Cir. 1996); *Watson v. Cook*, 427 So. 2d 1312, 1316 (La. App. 2d Cir. 1983). Louisiana courts have consistently held that summary judgment on an issue of whether a party acted in good faith is strongly disfavored because "such determinations are only possible by the trier of fact who has the opportunity to hear all the evidence and to observe the

---

[1] In cases concerning the denial of claims for insurance coverage, the Louisiana courts have used the terms "arbitrary and capricious," "without probable cause" and "bad faith" interchangeably. *See Calogero v. Safeway Ins. Co.*, 753 So. 2d 170 173 (La. 2000); *La. Maintenance Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993); *Darby v. Safeco Ins. Co.*, 545 So. 2d 1022, 1029 (La. 1989).

witnesses on direct and cross-examination." *Coco, supra*, at *10; *see also Johnson v. Fairmont Roosevelt Hotel, Inc.*, 286 So. 2d 177, 179 (La. App. 4th Cir. 1973).

In the present case, the lengthy summary by Reliance of the conflicting evidence of the cause of the damage to the radio equipment clearly demonstrates that many facts in this case are hotly disputed, highly technical and fact-sensitive. As Reliance indicates, the damaged equipment was examined on behalf of the Estate by no fewer than four persons familiar with the equipment, all of whom concluded that the equipment was damaged by fire. *See* Def. Br. at 6. On February 19, 1999, the Estate provided Reliance with a report by Mr. Fred Riley, an expert in the filed of transmitter equipment. He concluded that the equipment was destroyed by fire. On April 8, 1999, Reliance conducted a lengthy examination of three of the fact and expert witnesses, all of whom concluded that the equipment was damaged by fire. *Id.* A complete copy of the Examination Under Oath is attached as Exhibit "A". An incomplete and incomprehensible assortment of ill-identified pages from three deponents was attached as one of Reliance's "true and correct" exhibits.[2]

Additionally, the report of John Stewart of Haag Engineering based upon viewing the same physical evidence available to Reliance's experts concludes fire caused damage to the transmitter. See the report attached hereto as Exhibit "B".

Although Reliance spends considerable effort in its Motion to discredit the opinions of the Estate's witnesses, the question of whether their opinions are entitled to more or less weight than the witnesses employed by Reliance is clearly a matter to be determined by the trier of fact. This effort

---

[2] See affidavit filed with Reliance's motion.

is to the ultimate factual dispute beyond the *partial* summary judgment at issue. Only the trier of fact can assess their credibility and evaluate the value of their testimony. Likewise, the question of whether the damage to the equipment was caused by an electrical arc or by fire is a question to be determined by the trier of fact. Moreover, the question of whether Reliance acted in bad faith will depend on an interpretation of the Policy, particularly the exclusions of coverage, in light of the facts of this case. Most importantly, however, the trier of fact will be called upon to decide whether Reliance had sufficient knowledge to make its determination, and whether, in light of the *entire* record, the decision to refuse payment was reasonable. These determinations all depend upon a fact-sensitive *interpretation* of all of the evidence presented by Reliance in its Motion for Partial Summary Judgment.

    None of the cases upon which Reliance depends were decided in favor of an insurer on summary judgment on the issue of whether it had acted in good faith when denying a claim for coverage. For example, in *Smith v. Audubon*, 679 So. 2d 372 (La. 1996), the question of whether an insurer acted in good faith was not decided until after the matter had been presented for trial. The court noted that "the determination of whether the insurer acted in bad faith turns on the facts and circumstances of each case," and that the determination of a liability insurer's bad faith failure to settle in excess judgment cases is highly "fact-intensive." *Id.* at 377. In addition, in the case of *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So. 2d 746 (La. App. 2d Cir. 1999), the court held that the resolution of a claim that an insurer had acted in bad faith depends upon the trial court's "capacity to evaluate live witnesses." *Id.* at 752. Indeed, in all but one of the cases cited by Reliance, the resolution of whether an insurer acted in good faith of fact was reserved until after the

parties had the opportunity to present the matter to the finder of fact *at trial*, and all the evidence had been thoroughly examined. *See, e.g., Calogero v. Safeway Ins. Co.*, 753 So. 2d 170 (La. 2000) (issue of bad faith decided *after trial on the merits*); *Wells v. Houston*, 657 So. 2d 372 (La. 1997) (same); *Darby v. Safeco Ins. Co.*, 545 So. 2d 1022 (La. 1989); *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085 (La. 1985); *Wiley v. Safeway Ins. Co.*, 745 So. 2d 636 (La. App. 3d Cir. 1999) (same); *Delahoussaye v. Madere*, 733 So. 2d 679 (La. App. 5th Cir. 1999) (same); *Reed v. U.S. Fidelity*, 302 So. 2d 354 (La. App. 3d Cir. 1974) (same); *McClain*, 438 So. 2d 602 (same); *Fontana v. Louisiana Sheriff's Automobile Risk Program*, 697 So. 2d 1037 (La. App. 1st Cir. 1997) (same); *Gipson v. Yosemite*, 494 So. 2d 1290, (La. App. 2d Cir. 1986) (same). In the remaining case, *Louisiana Maintenance Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250 (La. 1993), the issue of bad faith was decided *against the insurer* on summary judgment. In that case, the court concluded that summary judgment was appropriate based upon the undisputed facts that the insurer had never provided the insured with a copy of the policy and had changed its reasons for refusal to pay in the course of handling the claim. *Id.* at 1253. In the present case, however, the issue of bad faith does not depend upon an objective and undisputed fact such as the delivery of a policy to the insured. Instead, the question of whether Reliance acted arbitrarily, capriciously or in bad faith depends upon such subjective and fact-sensitive issues as the knowledge and intent of the persons at Reliance who evaluated and refused to pay the Estate's claim. This question will, in turn, depend upon the thorough examination and weighing of conflicting evidence regarding the cause of the damage to the equipment. These questions can only be answered by the trier of fact.

WHEREFORE, the plaintiff, the Estate of Joseph Costello III, by Ashton Hardy as Executor, prays that the Motion for Partial Summary Judgment by the defendant Reliance Insurance Company be denied, and such further relief as may be just and equitable.

Respectfully Submitted,

BALDWIN & HASPEL, L.L.C.

_____
LANCE J. ARNOLD, Bar No. 18768
2200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2200
Telephone: (504) 585-7711
Telefax: (504) 585-7751
Attorney for Ashton Hardy as Executor of the
Estate of Joseph M. Costello, III

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States mail, properly addressed and postage prepaid on this 20th day of February, 2001.

_____
LANCE J. ARNOLD

H:\DOCS\C\COSSU\00004\Pleadings\01b16gcg001.wpd

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**