

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF JOSEPH M.<br>COSTELLO, III BY ASHTON HARDY<br>AS EXECUTOR )<br><br>Plaintiff, )<br><br>vs. )<br><br>RELIANCE INSURANCE COMPANY, )<br><br>Defendant. ) | DOCKET NO. 00-349-M4<br><br>DIVISION / SECTION: J-4<br><br>JUDGE: BARBIER<br><br>MAGISTRATE: ROBY |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Reliance Insurance Company ("Reliance"), respectfully submits this Reply Memorandum to demonstrate that Plaintiff's Opposition Memorandum provides the Court *additional* reasons to grant the instant Motion.

The first basis of the instant Motion is that there exists a genuine dispute between the parties as to what caused this loss. For proof of this assertion, the Court is asked to scrutinize the Statement of Undisputed Facts submitted with Defendant's Motion. There, Reliance made it perfectly clear

-1-



that the premise of its Motion was the fact that there <u>does</u> exist a genuine dispute between the parties at bar over what caused the loss.

Now, and in response to Reliance's Motion, *the Plaintiff agrees*. The Plaintiff, the party with the burden of proof on the Plaintiff's bad faith claim, has done nothing in the face of the instant Rule 56 Motion to show to this Honorable Court that it possesses a legitimate claim to present at trial of the Defendant's bad faith or arbitrary decision making. Plainly, the Plaintiff has not met its burden in the face of Defendant's Motion to present "specific facts" in support of its claims as required by F.R.C.P. Rule 56(e).

As a ***second*** point which shows the Motion should be granted, <u>no</u> <u>where</u> within the Opposition Memorandum does the Plaintiff ever address the wholly separate coverage dispute over the exclusion for damage resulting from "a vice or defect in a thing which causes it to destroy itself." The denial of claim letter is directly premised upon this wholly separate exclusion, <u>and,</u> asks the insured to produce specific documents which the insured's representatives admitted did exist at the EUO. (See original Memorandum in Support). At the current time, how is it possible that this Honorable Court would hold Reliance in bad faith for having denied this claim when the insured has never provided the documents listed in the denial of claim letter at any time? Plainly, it would be unreasonable to expect an insurance company to pay upon a claim such as this without being shown documents which the insured has admitted under oath in a EUO do exist.

As an additional point, the Court is asked to examine the following sentences from Plaintiff's argument at page 2 of Plaintiff's Opposition Memorandum. There, Plaintiff states the following to this Court:

> The estate submits, however, that the distinction between an electrical arc as initial failure and subsequent fire is immaterial since the equipment was damaged by fire, even if the original cause of the fire was some sort of electrical overload. Only the *damages* attributable to the fire are in dispute. (Emphasis an original).

With regard to this assertion, please note the chemist's report attached to Defendant's original Memorandum in Support, and note that said chemist's report is directly relied upon in the Defendant's denial of claim letter. That chemist's report explains that the soot which resulted from whatever happened, was comprised solely of chemical compounds which are created from high temperature electrical arcing, as opposed to relatively low temperature fire. Thus, in the face of Defendant's duly noticed and properly supported Motion for Summary Judgment, it is irrefuted and irrefutable that the insurer had *ample* evidence to support its position that the *"damages"* at issue were caused by electrical arcing, and not by a fire, at the time the claim was denied. As there is ample evidence to support that conclusion, (both then and now) the Defendant is not in bad faith, and may legitimately ask this Honorable Court to resolve the parties' legitimate dispute under the contract.

Next, Plaintiff suggests that there is some metaphysical barrier to resolving bad faith claims on a Motion for Summary Judgment. In support of that proposition, Plaintiff cites a host of state court case decisions which pre-date Louisiana's recent changes to its summary judgment rules. Notably, even under that regime, the Louisiana Supreme Court did recognize that summary judgment could be granted in the context of a bad faith claim in a case cited by the Plaintiff at page 7 of the Plaintiff's Memorandum, namely *Louisiana Maintenance Service, Inc. v. Certain Underwriters at Lloyds of London*, 616 S.2d 1250 (La. 1993). If summary judgment on a bad faith claim can be granted against an insurer, then it can be granted in an insurer's favor.

More to the point, this Honorable Court is not governed by Louisiana's Code of Civil Procedure. The Federal Rules of Civil Procedure have long provided that separate claims in a complaint can be tested separately in a Motion for Summary Judgment, the purpose being to confine the issues to either shorten ensuing trials, or increase the chances of settlement. Under the U.S. Supreme Court decisions concerning F.R.C.P. Rule 56 with which this Honorable Court is well familiar, it is clear that the Plaintiff at bar had a far higher burden in response to the instant Motion then that which the Plaintiff pretends to have in the Plaintiff's Opposition Memorandum. Plainly, it was the Plaintiff's duty in the face of the instant Motion to show this Court that the Plaintiff possesses "specific facts" upon which a reasonable trier of fact could indeed conclude that Reliance did <u>not</u> have an arguable basis for its claim denial, and thus <u>had</u> acted in bad faith. Moreover, Plaintiff's burden under the <u>Federal</u> rules was to present those "specific facts" to this Honorable Court in the face of the instant Motion. With respect, a "Hail Mary prayer" asking that the Court leave everything to be resolved at trial is <u>exactly</u> what the U.S. Supreme Court precedents forbid.

In sum, Reliance is testing whether inappropriate use of bad faith claims can be stopped in advance of a trial on the merits in federal court where the record clearly shows that the insurer diligently investigated the loss (Plaintiff offers no dispute of this), and, had ample cause to contest a claim under a policy. Under Plaintiff's logic, every federal judge receiving an insurance claim dispute is <u>required</u> to allow the so called "bad faith claims" to remain over the Defendant's head as a "Sword of Damocles" until after the breach of contract action is resolved. From Reliance's perspective, such a line of reasoning is wholly inappropriate, first because bad faith claims are some of the most over used claims in American jurisprudence, and second, because these claims hold no special status in the minds of federal judges. There should be no special rule that allows these types

-4-

of claims to remain over Defendant's head unless the Plaintiff who brings them can properly support their legitimate existence in the face of a Rule 56 challenge.

## CONCLUSION

The "specific facts" submitted by Reliance in support of its Motion are uncontroverted. Upon those facts, both parties are telling the Court that there is a very real and very genuine dispute between the parties over the question of coverage. In no sense has the Plaintiff even *attempted* to show the Court that Reliance had no legitimate basis for either coverage provision upon which it based the denial of coverage. Under these circumstances, and in the light of the Federal Rules of Civil Procedure, Reliance's Motion for Partial Summary Judgment should be granted.

WHEREFORE, Reliance prays that its Motion for Partial Summary Judgment be granted.

Respectfully submitted,
NIELSEN LAW FIRM

_____
Gerald J. Nielsen, T.A. La.S.B. #17078
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
Telephone: (504) 837-2500
Counsel for Defendant, Reliance Insurance Company

## CERTIFICATE OF SERVICE

I certify to mailing a true and correct copy of the foregoing to all counsel of record by depositing a copy of the same in the U.S. Mail this 23rd day of February, 2001, postage prepaid and addressed to all counsel of record.

_____

-5-